### Bourne *vs.* Mackall.—June, 1826.

Where a record had not been transmitted to the appellate court under a writ of error, that court will lay a rule on the plaintiff in error, and clerk of the court to which the writ was directed, to show cause, &c. On the record being filed, the court will, if it be the regular term for judgment, and no counsel appearing for the plaintiff in error, dismiss the writ.

Boyle for the defendant in error, had moved the court, on a former day during this term, to docket this action, and dismiss the writ of error sued out by the plaintiff in error—no record of the proceedings intended to be removed having been transmitted to this court. He filed *in court the* certificates of the register of the court of chancery, and clerk of *Calvert* county court, showing that a writ of error had been issued on the 20th of December 1824, commanding that a record of the proceedings on a judgment rendered in *Calvert* county court, at October term 1824, in favour of the defendant in error against the

plaintiff in error, be transmitted to this court; and that the said writ of error had been produced to the said county court. He observed that the condition of the writ of error bond, prescribed by the act of 1713, *ch.* 4, is that the plaintiff in error shall prosecute his writ of error to the next court of appeals, and these words impose upon him the obligation of producing to the court of error, a proper transcript of the record, and if he fail to do so in due time, the condition of the bond is broken, and the defendant ought to be permitted to docket the case, and have the judgment affirmed, or a dismissal of the writ of error. The defendant in error cannot proceed upon his judgment in the court below, because it is stayed by writ of error as a supersedeas, and to commence a new action upon the writ of error bond would create unnecessary and vexatious delay. This is a new case in this court, and it is not of much importance what the practice is, so that it be settled and known. In the supreme court of the *United States* the practice is, in all cases where a writ of error, or an appeal, shall be to that court, from any judgment or decree rendered thirty days before the term to which such writ of error or appeal shall be returnable, it is made the duty of the plaintiff in error, or appellant, to docket the cause, and file the record thereof with the clerk of that court within the first six days of the term, and on failure to do which the defendant in error, or appellee, may docket the cause, and file a copy of the record with the clerk, and the cause shall stand for trial in like manner as if the record had been duly filed within the first six days of the term; or at his option, he may have the cause docketted and dismissed upon producing a certificate from the clerk of the court, wherein the judgment or decree was rendered, stating the cause, and certifying that such writ of error or appeal had been duly sued out and allowed. *Randolph vs. Barbour,* 6 *Wheat.* 128. 19th *Rule of the Supreme Court of the United States,* 1 *Wheat.* XVI, and the 32d rule of the same court, 6 *Wheat.* VI.

THE COURT then ruled, that the plaintiff in error, and the clerk of *Calvert* county court, show cause, on or before, &c. (a day during the term,) why a transcript of the record of proceedings in this case had not been returned to and filed in this court, according to the command contained in the writ of error.

A copy of this rule was served on the plaintiff in error, and on the clerk of *Calvert* county court, and a transcript of the record of proceedings was filed in this court *(a)*.

*Boyle* now moved the court to affirm the judgment, or dismiss the writ of error. He stated that it appeared by the transcript of the record filed, that the writ of error was made returnable to the last June term of this court, and that this was the regular term for affirming the judgment, it not being a case for argument; and no counsel appearing for the plaintiff in error,

WRIT OF ERROR DISMISSED.

*(a)* The clerk had, as he stated, in due time forwarded a transcript of the record by the mail.